IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN BENJAMIN ODOMS,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; THE HONORABLE JENNIFER
P. TOGLIATTI, DISTRICT JUDGE;
AND INTERESTED PARTY CLERK
STEVEN GRIERSON,
Respondents,
and
STATE OF NEVADA,
Real Party in Interest.

No. 71384

FILED

FEB 2 1 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF MANDAMUS

This petition for a writ of mandamus challenges a vexatious-litigant determination and pre-filing injunction. In 2011, the district court found that petitioner John Odoms was "engaged in vexatious litigation for purposes of harassing the Eighth Judicial District Court and the Clark County District Attorney's Office" and entered a pre-filing injunction.

A challenge to a vexatious-litigant determination and pre-filing injunction may be raised in an original petition for a writ of mandamus. *See Jones v. Eighth Judicial Dist. Court*, 130 Nev., Adv. Op. 53, 330 P.3d 475, 478 (2014). Because the vexatious-litigant determination is discretionary, this court must determine whether the district court arbitrarily or capriciously exercised its discretion. *Id.* at 480.

17-05908

In evaluating the district court's exercise of discretion, this court considers: (1) whether the petitioner received reasonable notice of and an opportunity to oppose the vexatious-litigant determination and pre-filing injunction; (2) whether the district court has created an adequate record for review of the vexatious finding and whether there were less onerous sanctions than a pre-filing injunction to curb repetitive and abusive activities; (3) whether the actions identified by the district court at step 2 show the petitioner to be vexatious, which requires a finding that the filings were without arguable factual or legal basis or filed with the intent to harass; and (4) whether the restrictive order is narrowly tailored to address the specific problem and sets forth an appropriate standard by which any future filings will be measured. *Id.* at 479-80.

We conclude that the district court's order largely complied with the requirements of *Jones*, save for two exceptions: (1) the imposition of a filing fee sanction; and (2) the provision that a petition for leave to file is deemed rejected if no action is taken on a proposed filing within 30 days ("paperless review provision"). Beginning with the $500.00 filing fee sanction, we held in *Jones* that such a fee cannot be used by Nevada courts to "curb abusive post-conviction litigation." *Id.* at 480 n.3. As to the paperless review provision, the district court's injunction provides that "[a]ny 'Petition for Leave of Court to Permit Filing of Court Papers' will be deemed rejected, without the need for judicial action, on the 30th day after the date of each filing, unless the Court orders otherwise." This is problematic in that a litigant, or a reviewing court, would have no means of ascertaining whether the district court received the document, considered it, or exercised its discretion regarding the filing of a proposed

document. The court must provide some manner of informing the litigant and creating a record that a document was rejected for filing.

For the reasons stated above, we

ORDER the petition DENIED IN PART AND GRANTED IN PART AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to strike those portions of its August 25, 2011, order in district court case 82C056663 that impose a filing fee sanction and a paperless review provision.[1]

_____ , J.
Hardesty

_____ J.
Parraguirre

_____ , J.
Stiglich

cc:   Hon. Jennifer P. Togliatti, District Judge
      John Benjamin Odoms
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

_____

[1]In light of our disposition, we deny as moot the motion filed on February 13, 2017.